

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 3:16-00885-MGL-20 |
| § | |
| HUMBERTO MEDINA CHAMIZO, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

### I. INTRODUCTION

Pending before the Court is Defendant Humberto Medina Chamizo's (Chamizo) motion to reduce his sentence. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Chamizo's motion to reduce his sentence will be denied.

### II. PROCEDURAL HISTORY

The grand jury indicted Chamizo on one count of attempt and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and a forfeiture count. He pled guilty to the single count of the indictment. This Court sentenced him to a term of imprisonment of thirty-three months and supervised release for a term of two years.

Chamizo self-surrendered to the Bureau of Prisons (BOP) and has a projected release date on or about December 27, 2021. Chamizo filed this motion seeking to be released from the custody of the BOP and subject to home confinement for the duration of his sentence.

## III. DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment of a prisoner under only three specific circumstances. First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). A defendant can bring a motion under § 3582(c)(1)(A) on his own accord only after he "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Chamizo fails to argue either of the first two scenarios are applicable. Rather, Chamizo moves for reduction solely on the basis of the third circumstance, alleging Covid-19 qualifies as an extraordinary and compelling reason.

Chamizo's motion, however, lacks any indication he placed a request to the warden of Giles W. Dalby Correctional Facility—his current BOP assignment—for a motion on his behalf to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Rather, he asserts, without justification, district courts are no longer required to wait for the BOP to act. The Court fails to identify any legal basis for such a modification of the statutory requirements. Therefore, because Chamizo fails to allege he filed a petition with the Warden and exhausted the administrative remedies, he is unentitled, under the statute, to move for the sentence reduction on his own. Accordingly, this Court is unable to entertain his motion.

## IV.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Chamizo's motion to reduce his sentence is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 13th day of April 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE